UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SCOTLYNN USA DIVISION, INC.,

      Plaintiff,

v.                               Case No:   2:15-cv-152-FtM-38CM

COLD GROUND TRANSPORT, LLC
and AMATHIM THIAM,

      Defendants.

_____/

## ORDER[1]

This matter comes before the Court on review of Plaintiff Scotlynn USA Division, Inc.'s ("Scotlynn") Motion for Default Judgment (Doc. #20) filed on July 22, 2016.  In support, Scotlynn filed the Affidavit of Katy Koestner Esquivel (Doc. #20-1), its counsel of record.  Defendants Cold Ground Transport, LLC, ("Cold Ground Transport") and Amathim Thiam ("Thiam") (collectively, the "Defendants") have not responded in opposition, and the time to do so has expired.  Thus, this matter is ripe for review.[2]

## BACKGROUND

Scotlynn is a freight brokerage company that contracts with motor carriers to transport goods throughout the United States.  (Doc. #1 at ¶ 5).  Cold Ground Transport

[1] Disclaimer:  Documents filed in CM/ECF may contain hyperlinks to other documents or websites.  These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites.  Likewise, the Court has no agreements with any of these third parties or their websites.  The Court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

[2] The Court finds that an evidentiary hearing is not required and will render a decision based on the documents submitted.

is one such entity with whom Scotlynn contracts. *Id.* at ¶ 7. Plaintiff alleges that Thiam is Cold Ground Transport's sole officer and shareholder. *Id.* at ¶ 4(b). On November 13, 2013, Scotlynn and Cold Ground Transport entered into an agreement (the "Agreement"), the terms of which were intended to govern the transport of various loads of cargo for Scotlynn by Cold Ground Transport. *Id.* at ¶ 7.

Scotlynn then arranged for Cold Ground Transport to pick up 1,000 cases of frozen chicken (the "Cargo") from Live Oak, Florida on April 18, 2014, and to transport it to Baltimore, Maryland. *Id.* at ¶ 9. That day, Cold Ground Transport picked up the Cargo, and acknowledged its good condition. *Id.* Although the Bill of Lading required Cold Ground Transport to maintain the Cargo at a temperature of 26 degrees Fahrenheit, it was delivered three days late and, upon arrival, its temperature was 45 degrees Fahrenheit. *Id.* at ¶¶ 11-13. Because of the Cargo's temperature, it was rejected and subsequently destroyed. *Id.* at ¶14. As a result, Scotlynn's customer pursued a claim against it for the entirety of the loss. *Id.* at ¶15. On June 25, 2014, Scotlynn formally notified Cold Ground Transport of the claim, which Cold Ground Transport refused to pay, arguing that it was not responsible for the claim. *Id.* at ¶16.

Scotlynn then filed this suit. (Doc. #1). On multiple occasions, Scotlynn unsuccessfully attempted service upon Defendants. (Doc. #11 at ¶¶ 3-10). After filing two Motions to Enlarge Time for Service of Process (Docs. #9. #11), Scotlynn finally served Defendants on January 5, 2016. (Docs. #13, #14). Despite service, neither Defendant has made an appearance in this case. Pursuant to Scotlynn's January 29, 2016, motion, (Doc. #15) a Clerk's Default (Doc. #17) was entered against Defendants

on February 4, 2016.  Scotlynn now seeks a default judgment against Defendants and an award of costs and attorney's fees.  (Doc. #20).

## LEGAL STANDARD

Rule 55 of the Federal Rules of Civil Procedure establishes a two-step procedure for obtaining default judgment.  *See* Fed. R. Civ. P. 55.  First, when a defendant fails to plead or otherwise defend a lawsuit, the clerk of the court must enter a clerk's default against the defendant.  *Cohan v. Rist Properties, LLC*, No. 2:14-cv-439-FTM, 2015 WL 224640, at *1-2 (M.D. Fla. Jan. 15, 2015) (citing Fed. R. Civ. P. 55(a)).  Second, after receiving the clerk's default, the court can enter a default judgment provided the defendant is not an infant or incompetent.  *Id.* (citing Fed. R. Civ. P. 55(b)(2)); *see also Solaroll Shade & Shutter Corp. v. Bio-Energy Sys. Inc.*, 803 F.2d 1130, 1134 (11th Cir. 1986) (stating a default judgment may be entered "against a defendant who never appears or answers a complaint, for in such circumstances the case never has been placed at issue.").

An entry of a clerk's default, however, does not *per se* warrant an entry of default judgment.  Rather, a court may enter a default judgment only if "the well-pleaded allegations in the complaint, which are taken as true due to the default, actually state a substantive cause of action and that there is a substantive, sufficient basis in the pleadings for the particular relief sought."  *Tyco Fire & Sec., LLC v. Alcocer*, 218 F. App'x 860, 863 (11th Cir. 2007); *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) ("The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established . . . A default judgment is

unassailable on the merits but only so far as it is supported by well-pleaded allegations, assumed to be true." (citations omitted)).  "The defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law . . . [A] default is not treated as an absolute confession of the defendant of his liability and of the plaintiff's right to recover." *Nishimatsu*, 515 F.2d at 1206.  In considering a motion for default judgment, courts must "examine the sufficiency of plaintiff's allegations to determine whether the plaintiff is entitled to" relief.  *PNC Bank, N.A. v. Starlight Props. & Holdings, LLC*, No. 6:13-cv-408, 2014 WL 2574040, at *1 (M.D. Fla. June 9, 2014) (citation omitted).  With these principles in mind, the Court will address Scotlynn's Motion for Default Judgment.

## DISCUSSION

In its Complaint, Scotlynn alleges that Cold Ground Transport's delivery of the Cargo in a damaged condition renders it liable both under the Carmack Amendment to the Interstate Commerce Act, 49 U.S.C. § 14706 *et seq.*, and for breach of contract. Scotlynn also brings a claim against Thiam for piercing Cold Ground Transport's corporate veil.

For the reasons stated below, the Court finds that Cold Ground Transport is liable under the Carmack Amendment and thus awards Scotlynn damages commensurate with the loss as pled.  That said, because attorney's fees cannot be recovered under the Carmack Amendment, the Court denies Scotlynn's request for same.  *See Fine Foliage of Fla., Inc. v. Bowman Transp., Inc.*, 698 F. Supp. 1566, 1576 (M.D. Fla. 1988).

Concerning Scotlynn's breach of contract claim against Cold Ground Transport and its action to pierce the corporate veil against Thiam, the Court finds that both are state law claims and thus preempted by the Carmack Amendment.  As such, the Court

does not find that Scotlynn is entitled to an alternative award of damages or attorney's fees under either claim.  Finally, the Court taxes the cost of filing and service of process fees against Cold Ground Transport.

**A.  Count I – Carmack Amendment**

Through its Complaint, Scotlynn alleges that Cold Ground Transport violated the Carmack Amendment by delivering the Cargo at an unsafe temperature.  (Doc. 1 at ¶¶ 18-21).  "The Carmack Amendment creates a uniform rule for carrier liability when goods are shipped in interstate commerce."  *Smith v. UPS*, 296 F.3d 1244, 1246 (11th Cir. 2002).  "To establish a prima facie case of liability, plaintiff must show that the goods were delivered to defendant in good condition, that the goods arrived in damaged condition, and that this resulted in a specific amount of damage."  *Scotlynn USA Division, Inc. v. Singh*, No. 2:15-cv-381-FtM-29MRM, 2016 WL 4734396, at *2 (M.D. Fla. Sept. 9, 2016) (citing *Offshore Aviation v. Transcon Lines, Inc.*, 831 F.2d 1013, 1014 (11th Cir. 1987)).

"When a shipper shows delivery of goods to a carrier in good condition and nondelivery or delivery in a damaged condition, there arises a prima facie presumption of liability."  *Id.* (citing *UPS Supply Chain Sols., Inc. v. Megatrux Transp., Inc.*, 750 F.3d 1282, 1285-86 (11th Cir. 2014)).  Liability is imposed "for the actual loss or injury to the property[.]"  49 U.S.C. § 14706(a)(1).

Scotlynn's Complaint states that the Cargo was in good condition prior to shipment.  (Doc. #1 at ¶¶ 11-12).  The Complaint then states that the Cargo was delivered to the receiver at an unsafe temperature, and because it was damaged, it was ultimately destroyed.  (*Id.* at ¶¶ 13-14).  Importantly, the Agreement does not limit liability and,

instead, defines "full actual loss" as "the value of the cargo determined by" Scotlynn. (Doc. #1-1 at ¶ 11).  Thus, in the absence of any controverting evidence, that Scotlynn is entitled to a default judgment against Cold Ground Transport for the actual loss of the destroyed Cargo in the amount of $57,280.00.[3]

Turning to Scotlynn's request for attorney's fees pursuant to the Carmack Amendment, Federal Rule of Civil Procedure 54(d)(2)(A) states that "[a] claim for attorney's fees . . . must be made by motion unless the substantive law requires those fees to be proved at trial as an element of damages."  The Court, however, finds Scotlynn's request to be unwarranted, as "[t]here is no provision for attorneys' fees under the Carmack Amendment." *Fine Foliage of Fla.*, 698 F. Supp. at 1576.  Instead, "[t]he well-established rule is that 'each party in a lawsuit ordinarily shall bear its own attorney's fees unless there is express statutory authorization to the contrary.'" *Id.* (citing *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983); *Reeves v. Harrell*, 791 F.2d 1481, 1483 (11th Cir. 1986)).  Accordingly, Scotlynn's request for attorney's fees stemming from its Carmack Amendment claim is denied. *See Fine Foliage of Fla., Inc.*, 698 F. Supp. at 1576.

## B.  Count II – Breach of Contract

As to its breach of contract claim, Scotlynn alleges that Cold Ground Transport breached the Agreement and Bill of Lading by delivering the Cargo in damaged condition, and that it, therefore, suffered damages.  (Doc. #1 at ¶ 23).

Under Florida law, there are three elements to a breach of contract claim: "(1) a valid contract; (2) a material breach; and (3) damages." *Beck v. Lazard Freres & Co.,*

---

[3] Thiam is neither an infant or an incompetent person nor an active duty member of the military.  (Doc. #20-1 at ¶¶ 9-10); *see also Scotlynn USA Division*, 2016 WL 4734396, at *2.  Additionally, the loss of the Cargo is sum certain. *Id.*  (*Id.* at ¶ 11).

*LLC*, 175 F.3d 913, 914 (11th Cir. 1999) (citation omitted). That said, "the Carmack Amendment preempts state law claims arising from failures in the transportation and delivery of goods." *Smith*, 296 F.3d at 1246 (citations omitted). "In other words, separate and distinct conduct rather than injury must exist for a claim to fall outside the preemptive scope of the Carmack Amendment." *Id.* at 1249.

Here, Scotlynn contracted defendants to ship the Cargo from Florida to Maryland and, thus, the shipment would qualify as interstate commerce. Therefore, unless Scotlynn has pled separate and distinct conduct that would cause its breach of contract claim to fall outside the scope of the Carmack Amendment, its breach of contract claim will be preempted. Upon review of the Complaint, Scotlynn has not met this threshold. Consequently, the Court finds Carmack Amendment preempts Scotlynn's breach of contract claim and that the claim must be dismissed without prejudice.

Scotlynn also requests attorney's fees based on their breach of contract allegations, but articulates no legal basis for its claim. (Doc. #1 at ¶¶ 23-24). Due to preemption by the Carmack Amendment, this request must be denied. *See Strickland Transp. Co. v. Am. Distrib. Co.*, 198 F.2d 546, 547 (5th Cir. 1952) (citation omitted) (holding that attorney's fees are beyond the scope of the Carmack Amendment and "cannot be considered for jurisdictional purposes where there is no legal basis for the recovery of such fees")); *Mo. Pac. R. Co. v. Ctr. Plains Indus.*, Inc., 720 F.2d 818, 819 (5th Cir. 1983) (finding *Strickland* persuasive and holding that "recovery of attorney's fees in freight damage suits" is not permitted)); *Accura Sys., Inc. v. Watkins Motor Lines, Inc.*, 98 F.3d 874, 876 (5th Cir. 1996) (same).[4]

---

[4] Decisions by the Fifth Circuit Court of Appeals made prior to October 1, 1981, are binding on this Court. *See Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1207 (11th Cir. 1981).

The Court notes that, although the Eleventh Circuit Court of Appeals in *UPS Supply* found *Strickland* unpersuasive, it is distinguishable from the facts of this case.  In *UPS Supply*, the court found that attorneys' fees were permitted in relation to the enforcement of an indemnity clause in an ongoing contract that was separate from the theft of goods that gave rise to that plaintiff's Carmack Amendment claim.  750 F.3d at 1282.  This is not the case here, as Scotlynn attempts to base their request for attorney's fees on the very instance that invokes liability under the Carmack Amendment.  As a result, Scotlynn's breach of contract claim is preempted and their request for attorney's fees is denied.

## C.  Count III – Piercing the Corporate Veil

Finally, Scotlynn attempts to pierce the corporate veil of Cold Ground Transport by arguing that, Thiam, acting as an alter ego, used Cold Ground Transport's corporate form for an improper purpose.  (Doc. #1 at ¶¶ 25-30).  Under Florida law, to pierce the corporate veil a party must show:

> (1) the shareholder dominated and controlled the corporation to such an extent that the corporation's independent existence, was in fact non-existent and the shareholders were in fact alter egos of the corporation; (2) the corporate form must have been used fraudulently or for an improper purpose; and (3) the fraudulent or improper use of the corporate form caused injury to the claimant.

*Molinos Valle Del Cibao, C. por A. v. Lama*, 633 F.3d 1330, 1349 (11th Cir. 2011) (citations omitted).

Because Scotlynn's action to pierce Cold Ground Transport's corporate veil is a state law claim, the Carmack Amendment preempts it.  *See Smith*, 296 F.3d at 1246.  As such, Scotlynn's claim must be dismissed without prejudice.  Scotlynn also requests

attorney's fees under this claim; but, as is explained more fully above, Scotlynn is not entitled to such fees because of Carmack Amendment preemption.  See *Strickland Transp. Co.*, 198 F.2d at 547; *Mo. Pac. R. Co.*, Inc., 720 F.2d at 819; *Accura Sys.*, 98 F.3d at 876; *Scotlynn USA Division*, 2016 WL 4734396, at *2.

## D. Costs

In its Motion for Default Judgment, Scotlynn also seeks costs for $400.00 for the filing fee and $229.00 in service of process expenses.  (Doc. #20 at 12).  Generally, a prevailing party may be awarded costs.  *See* Fed. R. Civ. P. 54(d)(1).  Costs available to be taxed are specifically enumerated in 28 U.S.C. § 1920, and include fees of the United States Marshal.  Pursuant to 28 U.S.C. § 1921, a United States Marshal is authorized to serve process in any case or proceeding.  And, despite that private service of process is not explicitly provided for in either statute, the Court may authorize taxation of such costs so long as they do not exceed the statutory fees authorized in 28 U.S.C. § 1921.  *U.S. E.E.O.C. v. W&O, Inc.*, 213 F.3d 600, 624 (11th Cir. 2000).  In this district, service of process by a United States Marshal pursuant to 28 U.S.C. § 1921 amounts to $65.00 per hour, as well as an allowance for mileage.

Turning to the matter at hand, the Court finds that Scotlynn did not prevail against both parties, and thus that awarding costs for service of process on Thiam would be improper.  A review of the record does not yield an individual accounting of Scotlynn's costs of service of process on each Defendant, and thus the Court finds it reasonable to halve any requested award from $229.00, to $114.50, thereby reflecting the cost of service for only Cold Ground Transport,.  This figure amounts to approximately 1.75 hours of taxable time by a United States Marshall engaged in the act of serving process.

Because Scotlynn unsuccessfully attempted to serve the Defendants with process on multiple occasions, and because it is reasonable to expect that any successful attempt at service of process would amount to at least 1.75 hours, the Court finds $114.50 to be a proper award for the costs of service of process.  As such, the Court directs that $514.50 be taxed against Defendant Cold Ground Transport, LLC.

Accordingly, it is

**ORDERED:**

(1) Plaintiff's Motion for Entry of Default Judgment (Doc. #20) is **GRANTED in part** as to Count I against Defendant Cold Ground Transport, LLC for **$57,280.00**, and is otherwise **DENIED**.

(2) Plaintiff's request for costs is **GRANTED in part** and **DENIED in part**.  Plaintiff shall be awarded $400.00 in filing fees and $114.50 in costs of service of process, **totaling $514.50.**

(3) The Clerk of the Court is **DIRECTED** to enter judgment in favor of Plaintiff and against Defendant Cold Ground Transport, LLC as to Count I only for the actual loss amount.  Counts II and III of the Complaint are dismissed.

(4) The Clerk of the Court is further **DIRECTED** to terminate all pending deadlines, issue the attached Bill of Costs, and close the file.

**DONE** and **ORDERED** in Fort Myers, Florida, this 14th day of October, 2016.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record